UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DANIEL CHAMPION**                                             **CIVIL ACTION**

**VERSUS**                                                                 **NO. 06-1800**

**GLOBALSANTAFE DRILLING**                            **SECTION T(4)**
**COMPANY, ZAPATA GULF MARINE**
**OPERATORS, LLC AND TIDEWATER, INC.**

Before the Court is a Motion Summary Judgment filed on behalf of Zapata Gulf Marine Operators, LLC and Tidewater, Inc. (collectively "Tidewater") (Doc. 29). The matter was taken under submission on June 13, 2007. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

**ORDER AND REASONS**

**I      BACKGROUND**

On January 29, 2006, plaintiff, Daniel Champion, a roustabout employed by GlobalSantaFe and assigned to the jack-up drilling rig the GSF ADRIATIC III, claims that he was injured aboard the PRESIDENT TIDE, an offshore supply vessel owned and/or operated by Tidewater, Inc. ("Tidewater") while backloading drilling pipe from the rig. The plaintiff alleges

that after he climbed on top of a layer of drill pipe already loaded on the deck of the vessel to grab a tag line, he had to step back down approximately 18 to 20 inches to the deck. As he was stepping down with his right foot, from the drill pipe to the deck, a wave caused the vessel to rise, and all of his weight was transferred onto his right foot, resulting in an injury.

Champion filed suit against GlobalSantaFe for alleged negligence and unseaworthiness under the Jones Act and against Tidewater for negligence under the General Maritime Law. GlobalSantaFe moves for partial summary judgment to dismiss plaintiff's Jones Act negligence and unseaworthiness claims.

## II.　　LAW AND ANALYSIS

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

The plaintiffs allegation against Tidewater is that Tidewater was negligent in permitting the backloading operations to be conducted under adverse conditions. Specifically, plaintiff's only claim against Tidewater is that it was negligent because it did not stop the backloading operations due to the weather conditions. The defendant's contention that it did not breach a duty to the plaintiff is based on the plaintiff's claims in the deposition that the seas on the

morning of the alleged accident were five to eight feet.  Relying on Fifth Circuit controlling law, the defendant submits that it was not negligent, but reasonable, for operations to be performed offshore in the Gulf of Mexico in six to eight foot seas.[1]

Plaintiff's testimony regarding his belief that the sea conditions did not exceed six to eight feet is contradicted by the plaintiff's meteorologist Dave Barnes, who issued a report documenting that the peak sea conditions were approximately 13 to 17 feet at the time of the unloading of the vessel.  In addition, Brian Bates, the relief captain working aboard the PRESIDENT TIDE at the time of the accident, testified that Tidewater has a rule preventing its crew members from climbing onto piping of tubulars and that Tidewater's captain should have shut down the job if he saw something he believed to be dangerous.  For these reasons, the Court finds that genuine issues of material fact exist which preclude the granting of summary judgment.

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment filed on behalf of the Defendant, Tidewater, (Doc. 29) is  **DENIED.**

New Orleans, Louisiana, this 13th day of July, 2007.

_____
G. THOMAS PORTEOUS, JR.

---

[1] *See Tarlton v. Exxon*, 688 F.2d 973 (5th Cir. 1982), *cert den.,* 436 U.S. 1206 (1983); *see also Hebron v. Union Oil of Cali.*, 634 F.2d 245 (5th Cir. 1981).

**UNITED STATES DISTRICT JUDGE**