UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL CHAMPION | CIVIL ACTION |
| VERSUS | NO. 06-1800 |
| GLOBALSANTAFE DRILLING COMPANY, ZAPATA GULF MARINE OPERATORS, LLC AND TIDEWATER, INC. | SECTION T(4) |

Before the Court is a Motion for Partial Summary Judgment (Doc. 24). The matter was taken under submission on May 30, 2007. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

### ORDER AND REASONS

**I    BACKGROUND**

On January 29, 2006, plaintiff, Daniel Champion, a roustabout employed by GlobalSantaFe and assigned to the jack-up drilling rig the GSF ADRIATIC III, claims that he was injured aboard the PRESIDENT TIDE, an offshore supply vessel owned and/or operated by Tidewater, Inc. ("Tidewater") while backloading drilling pipe from the rig. The plaintiff alleges that after he climbed on top of a layer of drill pipe already loaded on the deck of the vessel to

grab a tag line, he had to step back down approximately 18 to 20 inches to the deck.  As he was stepping down with his right foot, from the drill pipe to the deck, a wave caused the vessel to rise, and all of his weight was transferred onto his right foot, resulting in an injury.

Champion filed suit against GlobalSantaFe for alleged negligence and unseaworthiness under the Jones Act[1] and against Tidewater for negligence under the General Maritime Law. GlobalSantaFe moves for partial summary judgment to dismiss plaintiff's Jones Act negligence and unseaworthiness claims.

## II.     LAW AND ANALYSIS

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

The parties agree that the plaintiff is a Jones Act seaman and the ADRIATIC III is a vessel.  However, the mere fact that an injury occurred does not give rise to a Jones Act Claim. Evidence must be presented which indicates negligence on the part of a shipowner to justify an award. *Marvin v. Gulf Lines, Inc.*, 554 F.2d 1295 (5th Cir. 1977).  Under the Jones Act, the duty of care owed by an employer to a seaman is that of ordinary prudence under the circumstances.

---

[1]Plaintiff's suit against GlobalSantaFe also includes a claim for maintenance and cure benefits.

*Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 338 (5th Cir. 1997) (*en banc*). A seaman bears the evidentiary burden of proving that a breach of duty owed by the employer was a cause of his injuries. *Id.*

In the case at hand, the defendant argues that the plaintiff cannot carry his burden of proof to establish liability against GlobalSantaFe because the undisputed facts show that his accident was not caused, in whole or in part, by any negligence on its part. The plaintiff has repeatedly stated that the accident occurred because he happened to be stepping down from the drill pipe at precisely the same time a wave caused the PRESIDENT TIDE to rise. Plaintiff has also admitted in his deposition testimony that his co-employees did noting wrong to contribute to the incident.

In opposition, the plaintiff directs the Court to the report of its expert, Captain John C. Manders, who concludes that GlobalSantaFe, through its OIM Jimmy Johnson, its crane operator Steven Granger, and its assistant crane operator, Don Anderson, was negligent in several respects which caused or contributed to the injuries sustained by the plaintiff. Specifically, Captain Manders concludes that GlobalSantaFe should have waited for better weather conditions before attempting to offload the PRESIDENT TIDE. The defendants argue that it is an undisputed fact that the seas were five to eight feet on the morning of the accident. The Fifth Circuit has established that it is not negligent for offshore operations in the Gulf of Mexico to be performed in 6-8 foot seas. *Hebron v. Union Oil of Calif.*, 634 F.2d 245 (5th Cir. 1981). Plaintiff's meteorologist expert, David Barnes, however, issued a report concluding that the sea conditions during the morning hours of January 29, 2006 were extremely rough and the wind

was also severe, with peak wave height of 13 to 17 feet. The expert testimony of Mr. Barnes, coupled with the fact that the crane operator continued to operate the crane in these conditions, creates a genuine issue of material fact as to whether GlobalSantaFe should have proceeded with the offloading procedures.

In addition, the plaintiff contends that there is an issue of fact concerning why the plaintiff was allowed to stand on the pipe to reach the tag line, and more specifically, why the assistant crane operator failed to remove him from the pipe prior to his accident. Fellow roustabout Waylon Symmank testified that, in his opinion, a GlobalSantaFe roustabout should not stand on pipe located on a vessel which they are unloading. While it may be true that in certain circumstances, the roustabouts have no choice but to utilize this method, there is a genuine issue material fact as to whether the assistant crane operator should have removed plaintiff prior to his accident.

For the foregoing reasons, the Court finds that there are genuine issues of material fact which preclude the granting of summary judgment.

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment filed on behalf of the Defendant, GlobalSantaFe Drilling Company ("GlobalSantaFe"), (Doc. 24) is **DENIED.**

New Orleans, Louisiana, this 13th day of July, 2007.

_____
G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE